Curia, per

O’Neall, J.
The first ground in arrest of judgment in this case, was settled in the case of The Lower Board of Commissioners of the Roads for St. Peter's Parish vs. Guerard. No objection is taken in the grounds of appeal to the fact that the action was brought in the name of the chairman, clerk, and treasurer. The declaration has not been brought up, and we do not know how the cause of action is stated. On a motion in arrest of judgment, we do not look beyond the grounds taken, unless the record be spread before us, so that we can see that the judgment would be altogether without authority to support it. In this case, it is probable that the objection could not noto prevail. For a suit by the officers of the board is really a suit by the commissioners, and the objection is, that the names of the board are not set out in the declaration. This is too late after verdict.
The second ground is, I think, without foundation in law to support it. By the 1st section of the Act of ’25, 9 Statutes at Large, 558, it is provided that “ all the boards of commissioners of roads in this State shall continue to have legal existence until otherwise ordered by law.” When legal existence is conferred on any body of men, it gives them *220 all the powers of natural persons to contract and be contracted with, to hold and convey property, sue and be sued. There is no doubt that they are quasi corporations, and can sue, like all other public officers, in the names of the persons composing, for the time being, the board.
The third ground is, I think, free from difficulty. The not sending hands after notice to work the roads, is not a misdemeanor. It is an- omission to discharge a duty required by law; and for such default the law fixes a specific fine, to be paid to the commissioners of the roads. This, when ascertained, as it can easily be by the number of hands liable to work, and the number of days they failed to work, becomes a sum certain, due to the commissioners of roads; and for such a cause of action debt is the only remedy. The motion is dismissed.
Richardson, Evans and Wardlaw, JJ, concurred.